UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Stephen Thomas Schouenborg,

Petitioner,

vs.

State of Minnesota,

Respondents.

ORDER
and
REPORT AND RECOMMENDATION

Civ. No. 00-2800 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this _____ day of January, 2001.

* * *

The Petitioner has filed a Petition for a Writ of Habeas Corpus which claims that he is being illegally detained by the Respondent for reasons which are violative of his rights under the Constitution, laws or treaties of the United States. The Petitioner has also applied to proceed in forma pauperis, thereby waiving the $5.00 statutory filing fee. We have reviewed the Petitioner's Application, and we find that he is not entitled to proceed in forma pauperis.[1]

---

[1]The Prison Litigation Reform Act, Title 28 U.S.C. §1915(a)(2) and (b)(1), which requires prisoners to pay their full filing fees, does not apply to habeas corpus petitions, for which in forma pauperis relief remains fully available for qualified applicants. See, Sonnier v. Johnson, 161 F.3d 941, 943 (5th Cir. 1998); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998); In re Phillips, 133 F.3d 770, 770-71 (10th Cir. 1998); Martin v.

JAN 05 2001
FILED ______
JUDGMENT ENTD ______
DEPUTY CLERK ______

Here, the Plaintiff has supplied a prison trust account statement which certifies that he currently has $20.93 in his account. During the six-month period immediately preceding the filing of this petition, the prisoner had average monthly deposits of $58.34, and an average monthly balance of $11.95. According to the prisoner, every two weeks he has a take home salary of $18.00. In addition, since June of 2000, the prisoner has received $175.00 in gifts from his family, in increments of $25.00 to $50.00 about every month. On this Record, the prisoner does have sufficient funds to remit, without denying him the necessities of life, the $5.00 statutory filing fee. Therefore, we recommend that the prisoner's application to proceed in forma pauperis be denied, and that he be directed to pay the filing fee. However, in the interim, the prisoner will be permitted to proceed with his Petition.

NOW, THEREFORE, It is --

---

Bissonette, 118 F.3d 871, 874 (1st Cir. 1997); Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997); Smith v. Angelone, 111 F.3d 1126, 1131 (4th Cir. 1997); Anderson v. Singletary, 111 F.3d 801 (11th Cir. 1997); Naddi v. Hill, 106 F.3d 275, 277 (9th Cir. 1997); Santana v. United States, 98 F.3d 752, 755-56 (3rd Cir. 1996); Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996); Reyes v. Keane, 90 F.3d 676, 678 (2nd Cir. 1996). The habeas action is a unique creature that, as the Courts have uniformly found, does not fit within the term "civil actions" to which the PLRA applies. Cf., Harris v. Nelson, 394 U.S. 286, 293-94 (1969)("Essentially, the proceeding is unique," and "Habeas corpus practice in the federal courts has conformed with civil practice only in a general sense.").

ORDERED:

1. That the Respondent is directed to show cause, within 20 days from the date of this Order, why relief should not be granted:

a. By making a Return in writing;

b. By filing with the Court a reasoned memorandum of law and fact fully stating the Respondent's legal position, and views on the need for this Court to conduct an evidentiary hearing on the merits of the Petition given the requirements of the applicable statutes and the pertinent United States Supreme Court authorities.

2. That, absent compliance with this Order within the 20-day period, the Court will entertain a motion to grant relief to the Petitioner forthwith.

AND It is --

RECOMMENDED:

That the Petitioner's Application to Proceed In Forma Pauperis [Docket No. 2] is DENIED.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 23, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than January 23, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.