UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Stephen Thomas Schouenborg,

Petitioner,

vs. REPORT AND RECOMMENDATION

State of Minnesota,

Respondent. Civ. No. 00-2800 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 21st day of June, 2001.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see Title 28 U.S.C. §2254. The Petitioner appears pro se, and the Respondent appears by John J. Muhar, Itasca County Attorney.

For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be dismissed.

II. Factual and Procedural Background

The Petitioner informs us that he is a State prisoner, who was convicted on February 1, 1999, for first and second-degree murder, and conspiracy to commit first and second-degree murder, following

FILED JUN 21 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

21

a plea of guilty, in the Minnesota State Courts. He is currently serving a 420-month sentence at the Minnesota Correctional Facility, in Rush City, Minnesota ("MCF-Rush City").

Two weeks after the Petitioner's guilty plea, he sent a letter to the Trial Court recanting that plea, and alleging improper conduct on the part of his attorney. The Trial Court ordered substituted counsel to represent the Petitioner, who immediately filed a Motion to withdraw his guilty plea, once substitute counsel was obtained. On October 22, 1998, the Trial Court held on Hearing on the Petitioner's Motion, and subsequently ordered that he undergo a variety of competency tests, so as to determine his level of competency. Thereafter, on February 5, 1999, the Court concluded, based upon the results of that testing, that the Petitioner was competent, both at the time of his guilty plea, and at the time of his competency hearing.

The Petitioner directly appealed his conviction, arguing that the Trial Court erred by denying the Petitioner's Motion to withdraw his guilty plea. On appeal, the Petitioner's conviction was affirmed on December 7, 1999. See, State v. Schouenborg, 1999 WL 1102064 (Minn. App., Dec. 7, 1999), rev. denied (Minn, Jan. 18, 2000).

In his current Petition, the Petitioner asserts that his right to due process was violated when he was compelled to sign a plea

agreement that he did not understand. See, Petition, at 5. The Petitioner also claims that his due process rights were violated because he received ineffective assistance of Trial Counsel, and because the Grand Jury was improperly informed on how to properly indict a person for murder. Id. at 5-6. Finally, the Petitioner contends that he was denied the opportunity to produce medical and forensic evidence, which was in the possession of the Minnesota Bureau of Criminal Apprehension, and also, that he was sentenced illegally. Id. at 6. Liberally construing these averments in the Petitioner's favor, it is clear that the Petitioner never presented his constitutionally based claims of defective Grand Jury proceedings, illegal sentencing, and improper denial of the right to use medical and forensic evidence, to the Minnesota Courts. As such, the Petitioner's Petition contains both exhausted, and unexhausted claims, thereby subjecting his claim to dismissal, without prejudice.

## III. Discussion

A. Standard of Review. Even where a Federal Habeas Petition properly presents Federal constitutional claims, the Court "must first determine whether the petitioner has fairly presented [those claims] to the state court." McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997), citing Duncan v. Henry, 513 U.S. 364, 365-366 (1995); see also, Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th Cir.

1999)(en banc). To have fairly presented a claim to the State Courts, the petitioner is required to refer to a specific Federal constitutional right, a particular constitutional provision, a Federal constitutional case, or a State case raising a pertinent Federal constitutional issue in a claim before the State Courts. See, Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996)(en banc), cert. denied, 517 U.S. 1215 (1996).

A petitioner who has failed to fairly present a claim to the State Courts, that he seeks to advance in a Federal Petition, must navigate the narrow channel between the Scylla of exhaustion, and the Charybdis of procedural default. Section 2254(b)(i) precludes the issuance of a Writ of Habeas Corpus if the Petitioner has not first presented his claim for relief to the State Courts. See, Gray v. Netherland, 518 U.S. 152, 161 (1996), citing Castille v. Peoples, 489 U.S. 346, 351 (1989); Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996), cert. denied, 518 U.S. 1029 (1996). Under this doctrine, a claim has not been exhausted in the State Courts unless the same factual grounds and legal theories, that were asserted in the Federal Habeas Petition, have been properly raised in the State Court proceedings. See, Abdullah v. Groose, supra at 411; Krimmel v. Hopkins, 56 F.3d 873, 876 (8th Cir. 1995), cert. denied, 516 U.S. 1015 (1995). Accordingly, State Courts should, ordinarily, have the first opportunity to determine

whether a particular exercise of police power comports with the Constitution. See, Hawkins v. Higgins, 898 F.2d 1365, 1367 (8th Cir. 1990).

The exhaustion requirement does not apply if it appears that resort to State remedies would be futile. See, Title 28 U.S.C. §2254(b) (1)(B)(ii); Sloan v. Delo, 54 F.3d 1371, 1378 (8th Cir. 1995). The Supreme Court has explained that the futility exception applies "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). If, for example, it is clear that the State Courts would find the claim to be procedurally barred, and that a return to the State Courts would be futile, then the Federal Court may consider an unexhausted claim -- subject to the limitations prescribed by the procedural default rule. See, Sloan v. Delo, supra at 1381; but, cf., Meadows v. Legarsky, 904 F.2d 903, 909 (4th Cir. 1990)(exhaustion not excused when it is possible that the State Court would make an exception to procedural default rule and reach the merits of the petitioner's claim), cert. denied, 498 U.S. 986 (1990). Or, if the petitioner raises an unexhausted claim, where the State Supreme Court has recently issued a decision on the same question of law under almost identical facts, any resort to State Court remedies would be futile. See, Hawkins v. Higgins,

supra at 1367; see also, Allen v. Attorney Gen. of Maine, 80 F.3d 569, 573 (1st Cir. 1996)(exhaustion not required when recent independent decision by highest State Court plainly rendered appellate review futile). The burden rests upon the Petitioner to demonstrate "'a clear manifestation on the record' that to present his post-conviction claims to the state courts would be an exercise in futility." Harrow v. Black, 818 F.2d 17, 18 (8th Cir. 1987), citing Snethen v. Nix, 736 F.2d 1241, 1245 (8th Cir. 1984), cert. denied, 496 U.S. 940 (1990).

Furthermore, where a Petition contains both exhausted and unexhausted claims for relief, a Federal Court cannot grant relief upon any of the Petitioner's claims. See, Rose v. Lundy, 455 U.S. 509, 522 (1982); Murray v. Wood, 107 F.3d 629, 632 (8th Cir. 1997). Ordinarily, such "mixed" Petitions are to be dismissed without prejudice, although Federal Habeas Courts may retain jurisdiction under limited circumstances.[1] Id.

B. Legal Analysis. Despite the limited Record before us, it is quite evident that this is a "mixed" Petition, in which State

---

[1]A recent amendment to Section 2254 allows the Court to deny an application for a Writ of Habeas Corpus on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Title 28 U.S.C. §2254(b)(2); see, also, Lindh v. Murphy, 521 U.S. 320, 334 n. 7 (1997). Judicial economy may counsel such a denial of a claim on the merits, if the claim were easily resolvable against the petitioner. Lambrix v. Singletary, 520 U.S. 518, 525 (1997).

Court claims have not received State Court review. Id. As is evident from a review of the Petitioner's Appellate Brief to the Minnesota Court of Appeals, his defective Grand Jury proceedings, illegal sentencing, and improper denial of the right to use medical and forensic evidence claims, were never presented for review in the State Courts. Instead, in his direct appeal to the Minnesota Court of Appeals, the Petitioner simply argued that the Trial Court erred when it denied the Petitioner's Motion to withdraw his guilty plea, because he was coerced into pleading guilty, by his Trial attorney, and because he did not understand the nature of his plea. See, Appellant's Brief. However, the Petitioner never asserted that his Indictment was obtained through the use of defective Grand Jury proceedings, that his sentence was illegal, or that he was improperly denied the right to use medical and forensic evidence. Rather, the Petitioner raised these arguments, for the first time, in his present Petition for a Writ of Habeas Corpus. In short, the Petitioner has not afforded the highest State Court, to which an appeal as of right may be taken, a fair opportunity to rule upon the legal substance of these claims. See, Picard v. Connor, 404 U.S. 270, 275-78 (1971).

As we have noted, it is axiomatic that a State prisoner, who seeks Federal Habeas relief, must first exhaust his State remedies by presenting the State Courts with a fair opportunity to rule upon

the claims that are presented in his Federal Petition. See, Picard v. Conner, supra at 275; Duncan v. Henry, supra at 888; Joubert v. Hopkins, supra at 875-76. Resort to Federal Habeas relief is not in lieu of a State Court appeal. Brown v. Allen, 344 U.S. 443, 485 (1953); Ashker v. Leapley, supra at 1179. The exhaustion requirement of the Federal Habeas Statute is based upon the principle that, "as a matter of comity, Federal courts should not consider a claim in a Habeas Corpus petition until after State Courts have had an opportunity to act." Wayne v. Missouri Bd. of Probation and Parole, 83 F.3d 994, 996 (8th Cir. 1995), quoting Rose v. Lundy, 455 U.S. 509, 515, (1982).

In the present case, the Petitioner has not submitted evidence that the majority of his Federal claims were first presented to the Minnesota State Courts. Further, the Petitioner has failed to argue, or to demonstrate, that a resort to State remedies would have been futile. Accordingly, because the Petitioner here faces an insuperable bar to success on his Petition because of his failure to exhaust, his Petition should be summarily dismissed, but without prejudice.

NOW, THEREFORE, It is --

RECOMMEND:

That the Petition for a Writ of Habeas Corpus [Docket No. 1] be dismissed, without prejudice.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 9, 2001**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 9, 2001**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to

review the transcript in order to resolve all of the objections made.