UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephen Thomas Schouenborg, Civ. File No. 00-2800 (PAM/RLE)

Petitioner,

v. **ORDER**

State of Minnesota,

Respondent.

---

This matter is before the Court on Petitioner's objections to United States Magistrate Judge Raymond L. Erickson's Report and Recommendation dated June 21, 2001, in which Magistrate Judge Erickson summarily dismissed Petitioner's request for habeas corpus relief under 28 U.S.C. § 2254. Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based on a review of the record and the Petitioner's submissions, the Court concludes that a remand is appropriate based on new evidence not available to the Magistrate Judge. Thus, the Court declines to adopt the Magistrate Judge's Report and Recommendation.

On August 7, 1998, Petitioner pleaded guilty to second degree murder in Itasca County, Minnesota. Thereafter, he challenged the validity of his guilty plea and moved to withdraw that plea. After having Petitioner's competence evaluated at the Minnesota State Hospital, the trial court determined that his guilty plea had been entered into knowingly and

JUL 2 0 2001
FILED
RICHARD D. S[illegible]
JUDGMENT EN[illegible]D
DEPUTY CLERK

voluntarily, and therefore could not be withdrawn. Petitioner was represented by counsel during these proceedings.

After sentencing, Petitioner appealed the trial court's decision not to withdraw his guilty plea. He was represented on appeal by the State Public Defender's Office. The Minnesota Court of Appeals rejected his claims and affirmed his conviction. See State of Minnesota v. Schouenborg, No. C2-99-739, 1999 WL 1102064 (Minn. Ct. App. Dec. 7, 1999), rev. denied, (Minn. Jan. 18, 2000).

In his current Petition, Petitioner claims that he is entitled to relief under § 2254 because (1) his due process rights were violated because he was compelled to sign a plea agreement he did not understand; (2) his due process rights were violated because he received ineffective assistance of trial counsel; (3) his due process rights were violated because of Grand Jury impropriety; and (4) he was denied the opportunity to produce exculpatory medical and forensic evidence at the trial level. (Petition at 5-6.) In the Report and Recommendation, the Magistrate Judge concluded that because those claims were not raised on direct appeal to the Minnesota Court of Appeals, they cannot be collaterally reviewed by this Court. (Report and Recommendation at 7-8.) The Court does not disagree with the standard applied by the Magistrate Judge. Indeed, where a petitioner has failed to raise claims on direct appeal, he is procedurally foreclosed from raising such claims under § 2254. See Joubert v. Hopkins, 75 F.3d 1232, 1240-41 (8th Cir. 1996).

Nevertheless, in this case it appears that Petitioner did in fact raise these claims before the Minnesota Court of Appeals, and that the court considered and rejected them.

Importantly, these claims were not raised in the public defender's brief on appeal, but rather in Petitioner's "Pro Se Supplemental Brief" that he submitted to the Minnesota Court of Appeals. This Supplemental Brief does not appear to have been provided to the Magistrate Judge. In the "Supplemental Brief," Petitioner argued, inter alia, that: (1) the Grand Jury indictment was constitutionally flawed; (2) the search warrant was flawed; (3) updated medical records with exculpatory information were not provided to him; (4) his trial counsel was constitutionally ineffective; (5) the State of Minnesota's competence examination was improperly administered; (6) the trial court erred in departing upward on his sentence; and (7) he was not provided exculpatory DNA evidence. (See Supp. Br. at 2-4, 6, 8-9, 11, 15.) The Minnesota Court of Appeals rejected those claims: "Schouenborg filed a separate pro se brief raising various claims. We have fully considered these claims and conclude that they are without merit." Schouenborg, 1999 WL 1102064, at * 2. Because the claims presently before this Court were raised before and considered by the Minnesota Court of Appeals, this Court may not reject Petitioner's Petition on the basis set forth in the Report and Recommendation. See Joubert, 75 F.3d at 1240-41. The Court declines to adopt the Magistrate Judge's Report and Recommendation, and remands the matter to the Magistrate Judge for a determination on the merits.

Accordingly, **IT IS HEREBY ORDERED** that this matter is **REMANDED** to Magistrate Judge Raymond L. Erickson for review of the merits of Petitioner's Petition Pursuant to 28 U.S.C. § 2254.

Dated: July 20, 2001

Paul A. Magnuson
United States District Court Judge

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500