UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephen Thomas Schouenborg, Civ. File No. 00-2800 (PAM/RLE)

Petitioner,

v. **ORDER**

State of Minnesota,

Respondent.

---

This matter is before the Court on Petitioner's objections to United States Magistrate Judge Raymond L. Erickson's Report and Recommendation ("R&R") dated February 4, 2002. In the R&R, Magistrate Judge Erickson recommends dismissal of Petitioner's request for habeas corpus relief under 28 U.S.C. § 2254. Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based on a review of the record and the Petitioner's submissions, the Court concludes that the R&R is correct, and the Petition must be dismissed.

Petitioner pled guilty to second degree murder in Itasca County, Minnesota, in August of 1998. Shortly thereafter, he moved to withdraw that plea. After having Petitioner's competence evaluated at the Minnesota State Hospital, the trial court determined that his guilty plea had been entered into knowingly and voluntarily and therefore could not be withdrawn. Petitioner was represented by counsel during these proceedings.

FILED AUG 2 1 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD AUG 2 1 2002
DEPUTY CLERK

After sentencing, Petitioner appealed the trial court's decision not to withdraw his guilty plea. The Minnesota Court of Appeals rejected his claims and affirmed his conviction. See State of Minnesota v. Schouenborg, No. C2-99-739, 1999 WL 1102064 (Minn. Ct. App. Dec. 7, 1999), rev. denied, (Minn. Jan. 18, 2000).

In his Petition, Petitioner claims that he is entitled to relief under § 2254 because: (1) his due process rights were violated because he was compelled to sign a plea agreement he did not understand; (2) his due process rights were violated because he received ineffective assistance of trial counsel; (3) his due process rights were violated because of Grand Jury impropriety; and (4) he was denied the opportunity to produce exculpatory medical and forensic evidence at the trial level. (Petition at 5-6.)

Magistrate Judge Erickson exhaustively considered Petitioner's arguments and concluded that none of his arguments affords him any avenue for relief. Petitioner claims that the Magistrate Judge erred by determining that Petitioner had the mental capacity to complete the written plea petition, and thus, the R&R's ultimate conclusion that the plea was knowingly and voluntarily made is incorrect. In support of this argument, Petitioner points to a statement in his mental competency evaluation that, because of his learning disability, information should be presented to Petitioner via the spoken word rather than the written word.

The Court cannot agree that this statement compels the conclusion that Petitioner's participation in his written plea petition was not knowing or voluntary. Indeed, as Magistrate Judge Erickson found, the trial court repeatedly orally outlined the plea process,

the rights Petitioner was waiving, and other pertinent information. Moreover, on oral questioning, Petitioner freely admitted that he was guilty of the offense charged. Merely because Petitioner might have had difficulty understanding the contents of the written plea petition does not render his plea invalid. The record is clear that Petitioner's plea was both knowingly and voluntarily made, and that plea may not now be withdrawn.

Petitioner's objections do not address the other grounds on which he initially sought relief. However, even if he had presented objections to the R&R on those grounds, his objections would fail. He made no showing that his counsel was ineffective, and his challenges to the grand jury and to the evidence are not proper.

Since the R&R was filed, Petitioner has filed two new Motions with this Court. The first Motion asks the Court to review Petitioner's competency evaluation and, apparently, order that a new evaluation be performed to take into account what Petitioner alleges is a physical brain injury. The second Motion challenges a new Minnesota statute, Minn. Stat. § 609.119, that requires the collection of DNA from incarcerated persons.

The first Motion is merely an attempt to further argue that the R&R is incorrect. Petitioner has pointed to no authority allowing this Court to intrude on the authority of the state courts by ordering a new competency evaluation, nor has Petitioner offered any evidence that the results of a new competency evaluation would be different than the results of the previous evaluation. Further, Petitioner misunderstands this Court's power on a review of a petition for a writ of habeas corpus. As Magistrate Judge Erickson explained, this Court is bound to follow the facts as found by the state courts unless Petitioner can show

by clear and convincing evidence that those facts were incorrect. 28 U.S.C. § 2254(e)(1). Petitioner's speculation about the effects of his alleged brain injury on his mental competency evaluation simply does not rise to the level of clear and convincing evidence that would allow this Court to set aside the factual findings of the trial court in this matter.

Petitioner's second Motion is also unavailing. Petitioner's Motion presents a challenge to the conditions of his confinement. Such a challenge is not properly raised in a petition for a writ of habeas corpus. See Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) ("If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy."). That Motion must be denied.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's application for a writ of habeas corpus (Clerk Doc. No. 1) is **DENIED**;
2. Petitioner's Motion for Review of Competency Evaluation (Clerk Doc. No. 35) is **DENIED**; and
3. Petitioner's Motion for Review and Judgement [sic] (Clerk Doc. No. 36) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 20, 2002

Paul A. Magnuson
United States District Court Judge